# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHERYL L. THERIOT,

    Plaintiff,

v.

Case No. 10-CV-11951

HONORABLE DENISE PAGE HOOD

TROTT AND TROTT and
JENNIFER MATHEWS,

    Defendants.

_____/

## ORDER DISMISSING ACTION

**I.    BACKGROUND**

This case was filed on May 13, 2010 ("May 2010 case") and was assigned to the Honorable Patrick J. Duggan. The case was reassigned to this Court as a companion to an earlier companion case filed by Plaintiff Cheryl L. Theriot against Defendant HSBC Bank, Case No. 09-11639 ("2009 case"). That case was dismissed without prejudice since Theriot withdraw the Complaint. Theriot also filed another case against HSBC Bank on April 21, 2010, Case No. 10-11617 ("April 2010 case"). Theriot alleges in *this* case that Defendants Trott and Trott and Jennifer Mathews, as attorneys for Defendant HSBC Bank, filed illegal eviction orders against her and are continually harassing her.

These cases filed by Theriot stem from proceedings brought by HSBC in the 36th District Court, State of Michigan, involving the property, commonly known as 446-456 Marston, Detroit, Michigan ("Property"). HSBC obtained a Sheriff's Deed to the Property on January 2, 2008, after a default of a Mortgage by Jonathan Yeh. After the six month redemption period on the Sheriff Sale

expired, HSBC entered into a Consent Judgment on August 26, 2008 with Theriot for eviction. Theriot was an occupant of the Property at that time.

Theriot thereafter instituted various proceedings, including the April 2010 case in this Court which was voluntarily dismissed by Theriot. HSBC has obtained a Writ of Restitution in the 36th District Court on April 16, 2010. HSBC has not taken any further action to execute the Writ of Restitution pending the outcome of its Motion to Remand in the April 2010 case.

This matter is before the Court on Theriot's Motion to Dismiss Defendants' Answer and Affirmative Defenses. Defendants filed a response. Theriot also filed a Motion Offer to Settle.

## II. ANALYSIS

### A. Motion to Dismiss Defendants' Answer and Affirmative Defenses

Theriot filed a Motion to Dismiss Defendants' Answer and Affirmative Defenses. Theriot does not cite to the rule which allows her to file such a motion. Theriot essentially claims that she has clearly stated that Defendants engaged in illegal actions against her and that Defendants' claim on the property in question is not valid. Theriot submitted an Answer to Defendants' Affirmative/Special Defenses to Plaintiff's Complaint.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Sixth Circuit has held that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparing used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953). An affirmative defense may be stricken "if the defense is insufficient; that is, if 'as a

matter of law, the defense cannot succeed under any circumstances.'" *Amerwood Indus. Int'l Corp. v. Arthur Andersen & Co.,* 961 F.Supp. 1078, 1083 (W.D. Mich. 1997). A pleading, such as an answer or an affirmative defense, is sufficient so long as it gives a plaintiff notice of the defense. *Davis v. Sun Oil Co.,* 148 F.3d 606, 612 (6th Cir. 1998).

This Court's review of Defendants' Answer and Affirmative Defense shows that they sufficiently state the defenses to Theriot's Complaint and give Theriot sufficient notice of the defenses. The defenses include, among others, failure to state a claim, there is no genuine issue of material fact that Defendants are entitled to judgment as a matter of law, and Defendants are not a proper party. Theriot's Motion to Dismiss Defendants' Answer and Affirmative Defenses is denied. Theriot, at this juncture, merely disagrees with the defenses.

**B.     Dismissal for Lack of Subject Matter Jurisdiction**

In this case, the Honorable Patrick J. Duggan allowed Theriot to proceed *in forma pauperis*. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). Federal courts hold the *pro se*

complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed.R.Civ.P. Rule 8(a)(1). The federal district court is a court of limited jurisdiction. The district court is only empowered to hear those cases that (1) are within the judicial power of the United States as defined in Article III of the Constitution and (2) that have been entrusted to the district court by a jurisdictional grant of Congress. *Hodgson v. Bowerbank*, 9 U.S. 303 (1809); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982). Federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction where the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332, and when the United States is a party under 28 U.S.C. §§ 1345, 1346.

Liberally construing the Complaint, the Court finds it does not have subject matter jurisdiction over the claims alleged by Theriot against Defendants. Theriot does not allege any claims based on federal law against Defendants, as required under the federal jurisdiction statute, 28 U.S.C. § 1331. The Court also does not have diversity jurisdiction over the claims under 28 U.S.C. § 1332, which requires that the parties must be residents of different states. Theriot is a resident of the City of Detroit, State of Michigan. Defendants are also residents of the State of Michigan, with offices in Farmington Hills, Michigan. This Court has no jurisdiction to review the claims alleged in Theriot's Complaint against Defendants and the Complaint must be dismissed.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss the Answer **(No. 9, filed 6/10/2010)** is DENIED.

IT IS FURTHER ORDERED that the Complaint is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Motion for Offer to Settle **(No. 13, filed 8/25/2010)** is MOOT.


Dated: December 22, 2010                 s/Denise Page Hood
                                                      Denise Page Hood
                                                      United States District Judge